UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARSHALL G. WELTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SHANI J. ANDERSON Officer, | ) | No. 1:13-cv-00355-JMS-MJD |
| THE NATIONAL BANK OF | ) | |
| INDIANAPOLIS CORPORATION, | ) | |
| GEORGE E. KEELY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANTS', THE NATIONAL BANK OF INDIANAPOLIS AND GEORGE E. KEELEY, MOTION FOR MORE DEFINITE STATEMENT [DKT. 11]**

On April 22, 2013, Defendants The National Bank of Indianapolis ("NBI") and George E. Keely filed a Motion for More Definite Statement seeking to have Plaintiff Marshall G. Welton amend his Complaint in this matter. [Dkt. 11.] On May 9, 2013, Plaintiff responded arguing that his Complaint satisfies the pleading standards of the Federal Rules of Civil Procedure and asking the Court to deny NBI and Keely's motion. [Dkt. 19.] On May 10, 2013, NBI and Keely filed a reply in support of their motion. [Dkt. 20.] Having considered the filings made by the parties, the Court **GRANTS** NBI and Keely's Motion and orders that Plaintiff file an Amended Complaint in accordance with this Order.

**I.      Federal Pleading Standards.**

Federal Rule of Civil Procedure 12(e) provides the standard for a motion for more definite statement. That Rule provides:

> (e) Motion for a More Definite Statement.  A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is **so vague or ambiguous that the party cannot reasonably prepare a response**.  The motion must be made before filing a responsive pleading and **must point out the defects complained of and the details desired**.  If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e) (emphasis added).  "Rule 12(e) motions are generally disfavored, and courts should grant such motions only if the complaint is so unintelligible that the defendant cannot draft a responsive pleading." *Moore v. Fid. Fin. Servs., Inc.*, 869 F. Supp. 557, 559-60 (N.D. Ill. 1994) (citing *U.S. for Use of Argyle Cut Stone Co., Inc. v. Paschen Contractors, Inc.,* 664 F. Supp. 298, 303 (N.D. Ill. 1987)).  "Moreover, Rule 12(e) motions are not to be used as substitutions for discovery."  *Id.* at 560 (citing *Paschen Contractors, Inc.,* 664 F. Supp. at 304).  "However, a Rule 12(e) motion may be appropriate when a complaint fails to put a defendant on notice as to which of the claims apply to what parties." *Coleman v. Majestic Star Casino, LLC*, No. 2:11-cv-391-PPS-PRC, 2012 WL 1424396, at *1 (N.D. Ind. Apr. 24, 2012) (citation omitted).

The pleading standards in federal court are found in Fed. R. Civ. P. 8(a).  That Rule provides:

> (a) Claim for Relief.  A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2) a short and plain statement of the claim showing that the pleader is entitled to relief**; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a) (emphasis added). This standard was most recently and significantly considered by the United States Supreme Court in the oft-cited duo *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Twombly*, the Supreme Court reconsidered the fifty-year-old "no set of facts" standard that plaintiff satisfies the Rule 8 pleading standards unless it is "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" and replaced it with the "plausibility" standard. *See Twombly*, 550 U.S. at 561; *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Under *Twombly*, a plaintiff must "nudge[] their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557.

Two years later, the Supreme Court applied *Twombly* to all civil cases in *Iqbal*. The Court held that "[first] Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678-79. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (citing Fed. Rule Civ. Proc. 8(a)(2)). Although *Twombly* and *Iqbal* were decided in the context of a Rule 12 motion to dismiss (and not a motion for more definite statement), they are

instructive as to the federal pleading standard in determining whether Plaintiff here must provide more detail in his Complaint to adequately overcome the notice pleading hurdle.[1]

## II. Plaintiff's Complaint in this Matter.

Here, Defendants argue that the sole "identifiable cause of action" in Plaintiff's Complaint is under heading III(D) "which appears to assert a claim for malicious prosecution as against defendant, Shani Anderson only." [Dkt. 11 at ¶ 5 (citing Complaint, ¶ 42).] NBI and Keely argue that they do not know whether a claim for tortious conduct, breach of contract, and/or statutory violation is being asserted against them. [*Id.* at ¶ 6.] With respect to Keely, the Complaint alleges that he "acted within the scope of his employment," yet does not provide facts that establish a basis for personal liability against Keely. [*Id.* at ¶ 9.] Defendants argue that Plaintiff's Complaint does not satisfy the pleading standards as defined in the most recent U.S. Supreme Court cases. [Dkt. 20.]

Plaintiff responds with two arguments: first, that Defendants failed to follow S.D. Ind. L.R. 7-1 and thus, their motion should be denied; and second, that Plaintiff has made a short and plain statement of his claims. [Dkt. 19.] Plaintiff argues that he should be allowed to conduct discovery and refine his theories before the pleading stage and that he has intentionally avoided pleading theories of recovery so as not to "unwittingly plead himself out of court." [*Id.* at 6 (citing *Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007).]

---

[1] Plaintiff cites to several cases related to the pleading standard contained in Fed. R. Civ. P. 8 that predate *Iqbal* and *Twombly*. [Dkt. 19 at 3-6.] Indeed, many of these cases reference the "no set of facts" standard set forth in *Conley*, that was overturned by *Iqbal* and *Twombly*. Moreover, the vast majority of the cases cited by Plaintiff considered motions to dismiss and not motions for more definite statement. [*See* Dkt. 20 at 2-3.] Because the cases cited by Plaintiff are no longer applicable as to the pleading standard post-*Iqbal* and *Twombly* and were not considered in the context of a motion for more definite statement, these cases are inapposite to the motion at issue.

4

Plaintiff first argues that Defendants failed to file the requisite brief required by L.R. 7-1, and therefore, Defendants' motion should be summarily denied. Plaintiff's argument is not well taken. Plaintiff is correct that L.R. 7-1(b)(1) requires that motions for a more definite statement be supported by an accompanying brief. Plaintiff is mistaken that failure to file a separate document entitled "brief" warrants summary denial. Indeed, denial is not mentioned in L.R. 7-1 as a sanction for lack of compliance. Although Defendants should be careful to follow the requirements of the Court's local rules, here, the Defendants have substantially complied with the spirit of L.R. 7-1 by providing legal authority in their motion.

The Court disagrees that Plaintiff has made a "short and plan statement of **the claim** showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a) (emphasis added). Plaintiff has alleged that he used lines of credit from NBI which were collateralized with mortgages on real estate. [Dkt. 1 at ¶¶ 10-11.] Plaintiff alleges that, although he sought to extend his line of credit with NBI in March of 2002, NBI did not extend his line of credit and requested that Plaintiff pay off his account. [*Id.* at ¶¶ 16-17.] Plaintiff alleges that, although NBI did not extend Plaintiff's line of credit, it recorded mortgages on six properties presented to it by Plaintiff in March of 2002. [*Id.* at ¶ 18.] Plaintiff alleges that in early 2006 he arranged to pay NBI at least $3,000 per month to pay off his debt. [*Id.* at ¶ 22.] Plaintiff claims that he regularly sent monthly checks of at least $3,000 to NBI, but that the checks were delivered to Defendant Keely who did not cash the checks or record them on the bank records or Plaintiff's account, but instead kept them in his desk. [*Id.* at ¶ 23-24.] On September 9, 2007, Plaintiff sent a certified check to NBI in the amount of $80,000 to replace his uncashed checks. [*Id.* at ¶ 25.]

Plaintiff also makes several allegations that Defendant Shani J. Anderson made false, material statements in a probable cause affidavit submitted in a separate cause that charged

5

Plaintiff with criminal theft and fraud. [*Id.* at ¶¶ 27-29.] Plaintiff alleges that as a result of Ms. Anderson's testimony, he was arrested and tried, but ultimately found not guilty. [*Id.* at ¶¶ 30-31.] Plaintiff alleges that Defendant Keely, acting as an officer and agent of NBI, also provided false information to Defendant Anderson "to secure criminal prosecution of" Plaintiff which caused false criminal charges to be brought against him. [*Id.* at ¶¶ 35, 36.] Plaintiff claims that "[t]he actions and inactions of Defendants, as described herein, **were undertaken knowingly, willfully, intentionally, or spitefully**" and were "**malicious**" and caused Plaintiff "economic loss and violations of his federal and state rights and liberties." [*Id.* at ¶¶ 40, 41, 43 (emphasis added).] Plaintiff alleges that "**Anderson's** actions constituted an unreasonable and malicious prosecution, in violation of the fourth and fourteenth amendments." [*Id.* at ¶ 42 (emphasis added).] Plaintiff seeks a "compensatory, punitive, and statutory damages, costs and expenses, attorney's fees, and all other just and reasonable belief." [*Id.* at ¶ 45.]

These facts do nothing more than infer "the mere possibility of misconduct" which is insufficient to satisfy the requirements of Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679. Plaintiff here has not shown that he is entitled to any relief from NBI or Keely. Plaintiff has not only failed to allege a "plausible" claim for relief, but has failed to allege any recognizable claim against these defendants. Plaintiff has suggested that NMI and Keely did not properly accept his payments (but then alleges that he paid his debt in full); that Defendants may have improperly asserted mortgage liens on certain property (but does not actually make this allegation); and that Defendants assisted in the malicious prosecution of Plaintiff (but does not explain the basis for such a claim). Plaintiff does not explain how these Defendants' allegedly knowing, willful, intentional, spiteful, and malicious conduct results in a cognizable claim against them.

6

Moreover, Plaintiff has not explained the basis for his punitive or statutory damages claim, or request for attorney's fees. The only relevant statute mentioned in Plaintiff's complaint is 42 U.S.C. § 1983, which Plaintiff explicitly cites only in reference to Defendant Anderson, not Defendants NBI or Keely. [Dkt. 1 at ¶¶ 1-2.] Plaintiff's Complaint leaves Defendants NBI and Keely wondering which claims are alleged against them. These Defendants cannot properly assert affirmative defenses (which are waived if not timely asserted, *see* Fed. R. Civ. P. 12(h)) when the claims against them are so vague. Plaintiff is not entitled to weed out his claim in discovery if he cannot show a plausible entitlement to relief. *Iqbal*, 556 U.S. at 685 ("It is no answer to say that a claim just shy of plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through careful case management given the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.") (quoting *Twombly*, 550 U.S. at 559).

As stated by the Northern District of Illinois, "[b]ecause the Defendants are entitled to be placed on notice of the allegations against them, the Court will allow their motion for a more definite statement. Hopefully, this will serve to clarify precisely what issues are involved in this case, and this case can then proceed." *Collins v. Illinois*, No. 03-3159, 2006 WL 3627639, at *4 (C.D. Ill. Dec. 11, 2006) (where defendants argued that "they are at least entitled to a statement that informs them of what claims the Plaintiff is bringing and which claims are brought against which Defendants"). The Court GRANTS Defendant NBI and Keely's motion for more definite statement.

### III. Conclusion.

Plaintiff's Complaint [Dkt. 1] does not meet the pleading standards of Fed. R. Civ. P. 8 as explained by the U.S. Supreme Court in *Iqbal* and *Twombly*. Because Plaintiff has failed to

inform Defendants NBI and Keely of the claims he is bringing against them and has done nothing more than infer misconduct on the part of these Defendants, the Court **GRANTS** Defendants' Motion for More Definite Statement [Dkt. 11].  Plaintiff shall file an Amended Complaint within fourteen (14) days of the date of this Order that alleges which claims are being asserted against which Defendants.  The failure to comply with this Order may result in the dismissal of the claims against Defendants NBI and Keely.

Date:   05/21/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Hamid R. Kashani
HKashani@KashaniLaw.com

Cameron G. Starnes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
cameron.starnes@indy.gov

Joseph L. Mulvey
RUBIN & LEVIN, PC
jmulvey@rubin-levin.net

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net