UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARSHALL G. WELTON, ) | |
|    *Plaintiff*, ) | |
| ) | |
|    *vs*. ) | 1:13-cv-00355-JMS-MJD |
| ) | |
| SHANI J. ANDERSON, THE NATIONAL BANK ) | |
| OF INDIANAPOLIS CORPORATION, AND ) | |
| GEORGE E. KEELY, ) | |
|    *Defendants*. ) | |

## ORDER

Presently pending before the Court is Defendants Officer Shani Anderson, The National Bank of Indianapolis ("NBI"), and George Keely's Motion to Dismiss Plaintiff Marshall G. Welton's Amended Complaint for lack of subject matter jurisdiction.[1]  [Dkt. 35.]  The Court, however, agrees with the parties that the motion is more properly treated as one to dismiss for failure to state a claim upon which relief may be granted.  For the reasons that follow, and viewed as Federal Rule of Civil Procedure 12(b)(6) motion, the motion is granted.

## I.
### STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  For the purposes of that rule, the Court will ignore con-

---

[1] As discussed in more detail, the Amended Complaint invokes the Court's jurisdiction pursuant to 42 U.S.C. § 1983.  The pending motion challenges the sufficiency of the complaint's allegations to state a claim under that statute, and the Court has jurisdiction to resolve that issue.  The defendants are correct that if the federal claim fails, the Court must address the propriety of maintaining supplemental jurisdiction over the claims against Mr. Keely and the bank.  To that extent the motion also raises a jurisdictional challenge.

clusory legal allegations. *Iqbal*, 556 U.S. at 678 ("Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we are not bound to accept as true a legal conclusion couched as a factual allegation."). The Court will, however, give the complaint the benefit of reasonable inferences from all non-conclusory allegations. *See id.*

## II.
### BACKGROUND

The Court draws the factual background from Mr. Welton's Amended Complaint, taking his allegations as true as it is required to do pursuant to the standard of review. [*See* dkt. 34.] According to the Amended Complaint, Mr. Welton is an Indianapolis businessman who at all relevant times was engaged in the buying, selling, and renting of residential real estate. [*Id.* at 3 ¶ 10.] To facilitate his real estate business, Mr. Welton maintained a line of credit with NBI. [*Id.* at 3 ¶ 14.] In 2002, Mr. Welton was unable to make payments on his line of credit, [*id.* at 4 ¶ 21], but in 2006 reached an agreement with NBI to pay off his debt, [*id.* at 4 ¶ 23]. Although Mr. Welton sent monthly checks to NBI pursuant to their agreement, Mr. Keely, who was NBI's Vice President of Loan Administration, never cashed the checks or recorded them in NBI's records. [*Id.* at 5 ¶ 24-25.] Mr. Welton realized that NBI was not cashing his checks in September 2007, at which point he sent NBI a certified check in the amount of his uncashed checks. [*Id.* at 5 ¶ 26.]

On May 30, 2007, Officer Anderson submitted an affidavit in support of probable cause and an Information in Marion Superior Court charging Mr. Welton with two felonies: theft and fraud on a financial institution. [*Id.* at 5 ¶ 29.] According to Mr. Welton, several of Officer Anderson's statements were knowingly false. [*Id.* at 5-6 ¶ 30.] Mr. Welton further alleges that many of these false statements were provided to Officer Anderson by Mr. Keely. [*Id.* at 8 ¶ 44.]

Following a trial on March 3, 2011, Mr. Welton was found not guilty of both crimes. [*Id.* at 7 ¶ 34.] Mr. Welton alleges that Officer Anderson and Mr. Keely knowingly, willfully, and intentionally made these false statements so that he would be prosecuted despite the lack of probable cause supporting his arrest or prosecution. [*Id.* at 7 ¶ 38, 9 ¶ 52.]

Mr. Welton alleges that Officer Anderson's actions constituted malicious prosecution, denying him his rights under the Fourth and Fourteenth Amendments because he was prosecuted without probable cause and denied fundamentally fair criminal proceedings. [*Id.* at 7 ¶ 40.] He further alleges that Mr. Keely's actions constituted the tort of malicious prosecution under Indiana law. [*Id.* at 9 ¶ 54.] Because Mr. Keely undertook these actions as NBI's Vice President, Mr. Welton alleges that NBI is also responsible for the tort of malicious prosecution under Indiana law. [*Id.* at 10-11 ¶¶ 57-58, 12 ¶ 68.] Mr. Welton alleges that federal jurisdiction is proper against Officer Anderson because his constitutional claims are brought pursuant to 42 U.S.C. § 1983, [*id.* at 1 ¶ 1], and that federal jurisdiction is proper against Mr. Keely and NBI (collectively, "Bank Defendants") via supplemental jurisdiction because his malicious prosecution claim under Indiana law arises from the same nucleus of operative facts as his § 1983 claim, [*id.* at 1 ¶ 2].

### III.
### DISCUSSION

#### A.  Defendants' Rule 12(b)(1) Motion is Treated as a Rule 12(b)(6) Motion

In Defendants' initial motion, filed pursuant to Rule 12(b)(1), they argue that this Court lacks subject matter jurisdiction to adjudicate Mr. Welton's claims. Specifically, Defendants contend that because malicious prosecution claims alleging violations of the Fourth and Fourteenth Amendments is not cognizable under 42 U.S.C. § 1983, the Court lacks jurisdiction over such claims. However, in their reply brief Defendants concede that their motion actually ad-

dresses the merits of Mr. Welton's § 1983 claims, rather than the Court's jurisdiction. [Dkt. 59 at 1.]

The Court agrees with the parties that it has jurisdiction over Mr. Welton's § 1983 claims. *See* 28 U.S.C. § 1331; *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("[F]ailure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy."); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 511 (2006) (criticizing "drive-by jurisdictional rulings" where "[s]ubject matter jurisdiction in federal-question cases is . . . erroneously conflated with a plaintiff's need and ability to prove the defendant bound by the federal law asserted as the predicate for relief—a merits-related determination") (citations and quotation marks omitted). In light of their concession, Defendants ask the Court to treat their motion as one made pursuant to Rule 12(b)(6), seeking dismissal of Mr. Welton's § 1983 claims. [Dkt. 59 at 1.] The Court agrees that this is the proper course. *See Peckmann v. Thompson*, 966 F.2d 295, 297 (7th Cir. 1992) ("If a defendant's Rule 12(b)(1) motion is an indirect attack on the merits of the plaintiff's claim, the court may treat the motion as if it were a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.").

### B. Malicious Prosecution Claims under § 1983

Pursuant to § 1983, Mr. Welton brings malicious prosecution claims against Officer Anderson under the Fourth and Fourteenth Amendments. [Dkts. 34 at 7 ¶ 40; 51 at 2-10.] However, Mr. Welton concedes that his Fourth Amendment malicious prosecution claim is foreclosed by Seventh Circuit precedent. [Dkt. 51 at 7.] The Court accepts his concession and acknowl-

edges his desire to preserve the issues raised regarding that claim for appeal.  Therefore, the Court will **DISMISS** Mr. Welton's fourth amendment claim.

The Court will focus its discussion on whether Mr. Welton's malicious prosecution claim predicated on a violation of his Fourteenth Amendment procedural due process rights is cognizable under § 1983.  The Seventh Circuit has made clear that "[f]ederal courts are rarely the appropriate forum for malicious prosecution claims." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011).  This is because "individuals do not have a 'federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause.'" *Id.* (quoting *Tully v. Barada*, 599 F.3d 591, 594 (7th Cir. 2010)); *see Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002) ("[T]here is no constitutional right not to be prosecuted without probable cause.") (citations and quotation marks omitted).  However, individuals are allowed "to bring Section 1983 malicious prosecution suits when the relevant state's law does not provide them with a way to pursue such claims." *Ray*, 629 F.3d at 664; *see Bielanski v. Cnty. of Kane*, 550 F.3d 632, 638 (7th Cir. 2008) ("If [a] prosecution is . . . deemed malicious, it is not a constitutional tort unless the state provides no remedy for malicious prosecution.") (citation omitted) (internal quotation marks omitted).  But should state law permit a tort claim for malicious prosecution, this "*knocks out* any constitutional tort of malicious prosecution, because, when a state-law remedy exists, . . . due process of law is afforded by the opportunity to pursue a claim in state court." *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (emphasis in original).

The parties do not dispute that Indiana recognizes the tort of malicious prosecution.  *See, e.g.*, *City of New Haven v. Reichart*, 748 N.E.2d 374, 378 (Ind. 2001) (recognizing a malicious prosecution claim when the plaintiff "has been improperly subjected to legal process").  Argua-

bly, this is the end of the matter, as several decisions from this District have concluded that the availability of such a claim under Indiana law precludes the pursuit of a malicious prosecution claim under § 1983. *See, e.g.*, *Alexander v. FBI*, 2011 WL 4833091, at *3 (S.D. Ind. 2011); *Hawkins v. City of Rushville*, 2005 WL 2100068, at *2 (S.D. Ind. 2005). The Seventh Circuit has similarly ended its analysis upon recognition that Illinois law permits a tort claim for malicious prosecution. *See Ray*, 629 F.3d at 664 (holding that because "Illinois law recognizes tort claims for malicious prosecution . . . it was appropriate for the district court to refuse to hear [the plaintiff's § 1983 malicious prosecution] claims"); *Bielanski*, 550 F.3d at 638 (holding that the plaintiff's § 1983 malicious prosecution claim must be dismissed because "Illinois provides a remedy for malicious prosecution"). Notably, a panel of the Seventh Circuit rejected a malicious prosecution claim brought under § 1983 due to Indiana's recognition of the tort. *See Kim v. Ritter*, 493 Fed. Appx. 787, 790 (7th Cir. 2012) ("Because Indiana law recognizes a tort for malicious prosecution, § 1983 does not provide [the plaintiff] a federal remedy for prosecution without probable cause.").

Despite the weight of this authority, Mr. Welton contends that Indiana's formal recognition of the tort does not end the matter because the Indiana Tort Claims Act ("ITCA") provides immunity to police officers acting within the scope of their employment from malicious prosecution suits, *see* Ind. Code Ann. § 34-13-3-3; *Livingston v. Consolidated City of Indianapolis*, 398 N.E.2d 1302 (Ind. App. 1979), and thus Indiana law does not provide him an adequate remedy. [Dkt. 51 at 3-5.] In support of his position, Mr. Welton relies on *Belcher v. Norton*, 497 F.3d 742 (7th Cir. 2007), where the plaintiff brought a procedural due process claim against a police officer who wrongfully deprived her of her property. *Id.* at 750. The Seventh Circuit in *Belcher* held that the plaintiff could pursue a procedural due process claim stemming from this depriva-

tion of property because the ITCA provided the defendant police officer with immunity, and thus there was no adequate state law remedy. Mr. Welton maintains that this case is analogous to *Belcher*. Because Officer Anderson would most likely be entitled to immunity for her actions under the ITCA, he says, state law does not provide him any meaningful avenue for relief. [Dkt. 51 at 3-4.]

Under the dictates of the Seventh Circuit's decision in *Tully*, however, the Court need not assess whether Indiana law recognizes the tort of malicious prosecution or whether Officer Anderson would be immune from such a claim under the ITCA until it first determines that the malicious prosecution claim pursued is viable in federal court. Faced with a § 1983 malicious prosecution claim similar to Mr. Welton's, the Seventh Circuit first held that there is no right not to be "prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Tully*, 599 F.3d at 594. Having determined that "this type of 'malicious prosecution' claim is untenable in federal courts," the Seventh Circuit did not discuss whether Indiana recognized the tort of malicious prosecution and thus did not need to "decide whether Indiana provide[d] [the plaintiff] an adequate post-deprivation remedy despite that it also recognizes an affirmative immunity defense for governmental actors acting within the scope of their employment" under the ITCA. *Id.* at 595.[2] The same is true here. Mr. Welton alleges that Officer Anderson's conduct caused him to be prosecuted without probable cause. [Dkt. 34 at 7 ¶ 36.] But *Tully* made clear that the Fourteenth Amendment's Procedural

---

[2] Even if the Court reached Mr. Welton's immunity argument, this argument is on tenuous footing given that the Seventh Circuit's analysis of § 1983 malicious prosecution claims has never proceeded beyond the question of whether the state formally recognizes the tort. As detailed above, if the tort is formally recognized, the Seventh Circuit has consistently held that a § 1983 malicious prosecution claim is not available. *See, e.g.*, *Ray*, 629 F.3d at 664 (Illinois law); *Bielanski*, 550 F.3d at 638 (Illinois law); *Kim*, 493 Fed. Appx. at 790 (Indiana law). And, as stated above, the parties do not dispute that Indiana formally recognizes the tort of malicious prosecution. *See Reichart*, 748 N.E.2d at 378.

Due Process Clause does not grant him a right to avoid such prosecutions. 599 F.3d at 594; *see Ray*, 629 F.3d at 664; *Penn*, 296 F.3d at 576. To the extent that Mr. Welton's malicious prosecution claim is predicated on the notion that his "criminal proceeding . . . was fundamentally unfair,"[3] [dkt. 34 at 7 ¶ 37], this too is insufficient to implicate the Procedural Due Process Clause, at least under the facts as alleged in the Amended Complaint. Like the plaintiff in *Tully*, Mr. Welton was acquitted of the crimes with which he was charged, [*id.* at 7 ¶ 34], and thus he "received procedural due process under the Fourteenth Amendment when the state court system vindicated him," *Tully*, 599 F.3d at 595. In sum, because Mr. Welton has not stated a type of malicious prosecution claim recognized by the Seventh Circuit, like *Tully*, this Court need not reach his immunity argument.

Accordingly, the Court concludes that Mr. Welton's malicious prosecution claims made pursuant to the Fourth and Fourteenth Amendments are not cognizable under § 1983. In so holding, the Court aligns with several other Courts in this district that, albeit for differing reasons, have held the same. *See Julian v. Hanna*, 2013 WL 64516, at *4 (S.D. Ind. 2013); *Serino v. Hensley*, 2012 WL 6025751, at *4 (S.D. Ind. 2012); *Hart v. Mannina*, 2012 WL 188055, at *6-7 (S.D. Ind. 2012); *Alexander*, 2011 WL 4833091, at *3; *Bishop v. City of Indianapolis*, 2008 WL 820188, at *13-14 (S.D. Ind. 2008); *Hawkins*, 2005 WL 2100068, at *2.

### C. Remaining State Law Claims

Because the Court concludes that it must dismiss Mr. Welton's § 1983 claims against Officer Anderson, no federal claims remain in this litigation. The Court must therefore assess

---

[3] The Court notes that Mr. Welton does not allege the violation of a specific due process right independent of his malicious prosecution claim, such as a *Brady* violation. *See, e.g.*, *Newsome*, 256 F.3d at 751-52 (holding that, although the plaintiff did not have a "constitutional claim founded on malicious prosecution," he had a *Brady* claim); *see also Penn*, 296 F.3d at 576 (declining to allow the plaintiff to recast his § 1983 malicious prosecution claim as the violation of a specific constitutional right).

whether it should continue to exercise supplemental jurisdiction over Mr. Welton's state law claims against the Bank Defendants.

The Court ultimately has discretion whether to exercise supplemental jurisdiction over a plaintiff's state law claims. *Carlsbad Tech., Inc. v. HIF BIO, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). "[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *see Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotation marks omitted).

The relevant factors all weigh in favor of the Court declining to exercise supplemental jurisdiction over Mr. Welton's state law claims against the Bank Defendants. The parties have yet to develop any arguments regarding those claims; indeed, the briefing for the instant motion solely addressed Mr. Welton's § 1983 claims against Officer Anderson. Thus, retaining jurisdiction over the state law claims would not promote judicial economy. Furthermore, comity favors Indiana courts resolving Mr. Welton's state law claims. Finally, the Court is not aware of any fairness or convenience concerns that militate toward retaining jurisdiction over the state law

claims as this early stage in the proceedings. For these reasons, the Court, in its discretion, declines to continue exercising supplemental jurisdiction over Mr. Welton's state law claims. *See* 28 U.S.C. § 1367(c)(3); *Groce*, 193 F.3d at 501.

## IV.
### CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendants' Motion to Dismiss. [Dkt. 35.] Mr. Welton's § 1983 claims against Officer Anderson are dismissed with prejudice, but his state law claims against the Bank Defendants over which the Court has declined to exercise supplemental jurisdiction are dismissed without prejudice. Judgment will issue accordingly.

09/19/2013

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Hamid R. Kashani
HKashani@KashaniLaw.com

Cameron G. Starnes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
cameron.starnes@indy.gov

Joseph L. Mulvey
RUBIN & LEVIN, PC
jmulvey@rubin-levin.net

R. Brock Jordan
RUBIN & LEVIN, PC
brock@rubin-levin.net